Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5630 | **DATE** | 4/23/2002 |
| **CASE TITLE** | RYOBI TECHNOLOGIES, INC. vs. BROGLEN HOTEL CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Broglen's motion to dismiss, change or transfer venue is granted in part and denied in part. Broglen's motion to dismiss for improper venue is granted. Broglen's motion to transfer for improper venue and alternative motion to transfer for forum non conveniens are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | APR 2 4 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 27 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RYOBI TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 5630 |
| v. ) | |
| ) | Judge John W. Darrah |
| BROGLEN HOTEL CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Ryobi Technologies, Inc.("RTI") brought this action against Defendants, Robert R. Kelly ("Kelly") and Broglen Hotel Corp. ("Broglen"), under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, for a declaration that RTI is not infringing on U.S. Patent No. 5,862,727("the patent"). RTI subsequently dismissed Kelly as a defendant. Presently before the Court is Broglen's motion to dismiss or transfer for improper venue pursuant to 28 U.S.C. § 1406(a) or, alternatively, to transfer for *forum non conveniens* pursuant to 28 U.S.C. § 1404(a).

This case arose out of a patent dispute in which Broglen and Kelly accused Sears Roebuck & Co., ("Sears") and RTI of manufacturing and marketing a miter saw cutting guide using a laser beam under the name "Laser Trak", which allegedly infringes on a patent held by either Kelly or Broglen, or both, for a similar device known as "Laser Arbor".

Broglen is a California corporation with its principal, and allegedly only, place of business in California. Kelly is an individual shareholder of Broglen and is domiciled and residing in California. Kelly was originally granted the patent for the Laser Arbor on January 26, 1999, but

subsequently assigned the rights to the patent to Broglen on November 14, 2000, on the condition that Broglen bring the product to market. After receiving the rights to the patent, on or about December 1, 2000, Broglen entered into negotiations with S-B Power Tool Co. to license or assign the patent rights to the Laser Arbor.

Around May 1, 2001, Sears and RTI began making and selling the Laser Trak device. In light of the fact that Sears was selling a similar product at competitive prices, S-B Power Tool Co. cut back and almost terminated its negotiations with Broglen.

On May 31, 2001, Broglen faxed a letter to Sears transmitting a copy of the patent and a request to negotiate a license for the patent. However, an agreement was never reached; and, on July 18, 2001, Broglen filed suit against Sears and Ryobi America Corporation ("RAC") for patent infringement in the United States District Court for the Central District of California. Two days later, on July 20, 2001, RTI filed suit against Kelly and Broglen for declaratory relief of non-infringement in the Northern District of Illinois. RTI is not now, and never has been, a party to the suit pending in California; and RTI claims that RAC is a separate, unrelated corporation. Although Broglen has moved the California court to substitute RTI for RAC as defendant and to add Kelly as a plaintiff, the court is holding the motion in abeyance due to the pendency of this lawsuit.

Broglen claims that because it could no longer successfully market the Laser Arbor, due to RTI's infringement, the rights to the patent were subsequently assigned back to Kelly on September 29, 2001. On October 11, 2001, RTI dismissed Kelly as a defendant to its declaratory judgment action. Broglen, now the only remaining defendant, seeks to have the case dismissed or transferred for improper venue.

In cases involving the patent laws of the United States, the substantive law of the Federal Circuit controls rather than the court of the circuit in which the case arises. *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995) (*Akro*). Federal Circuit decisions are applicable to actions for declaratory judgment involving an out-of-state patentee because such actions are closely related to the substance of patent laws. *Akro*, 45 F.3d at 1543. While procedural issues that are not unique to patent law are usually governed by decisions of the circuit court in which the case arises, Federal Circuit decisions will control when a question of law is important to national uniformity in patent cases. *Genentech, Inc., v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). The questions of venue and personal jurisdiction in the present case are, therefore, questions of Federal Circuit law.

Actions for declaratory judgment of non-infringement are governed by the general venue statute, 28 U.S.C. § 1391, rather than 28 U.S.C. § 1400, which is applicable to patent infringement actions. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). According to 28 U.S.C. § 1391(c), venue is proper wherever the defendant is subject to personal jurisdiction at the time that the action is commenced. Therefore, an analysis of whether this court may exercise personal jurisdiction over Broglen will determine whether this Court is the proper venue for the present case.

Broglen is a California corporation. The determination of whether a court may properly exercise personal jurisdiction over an out-of-state defendant is governed by a two-prong analysis: (1) a defendant must be amenable to process in the forum state, and (2) the court's exercise of personal jurisdiction over the defendant must comply with federal due process requirements. *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002)(*Hildebrand*).

As to the amenability to process in the forum state, the Illinois long arm statute expressly states that personal jurisdiction over a non-resident defendant is permitted to the full extent allowed by the due process clause in the United States Constitution. *Androphy v. Smith & Nephew, Inc.*, 31 F.Supp. 2d 620, 622 (N.D. Ill. 1998)(*Androphy*); 735 ILCS § 5/2-290(c). Accordingly, the analysis of whether exercising personal jurisdiction over Broglen is proper is, therefore, confined to establishing whether the due process requirements are satisfied. *Androphy*, 31 F.Supp. 2d at 622.

The limits of due process on the extraterritorial reach of a state are determined by assessing whether the defendant had established "minimum contacts" with the forum state "such that [it] should reasonably anticipate being haled into court there". *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). If minimum contacts with the forum state are established, those contacts are considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice". *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

Jurisdiction under the minimum contacts test exists if: (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or is related to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair. *Hollyanne v. TFT, Inc.*, 199 F.3d 1304, 1307-08 (Fed. Cir. 1999) (*Hollyanne*). Once it is established that the defendant purposefully directed his activities at the forum state and that the action arises out of those activities, the defendant must present a compelling case to render jurisdiction invalid because it is unfair or unreasonable. *Genetic Implant Systems, Inc. v. Core-vent Corp.*, 123 F.3d 1455, 1459 (Fed. Cir. 1997)(*Genetic*).

4

In the instant case, RTI argues that personal jurisdiction over Broglen is established via the cease and desist letters Broglen sent to Sears in conjunction with the negotiations that took place between Broglen and both S-B Power Tool and Sears to license the rights to Broglen's patent. RTI asserts that these negotiations, which it alleges are continuing, are the subject matter of this action; and, therefore, the action arises out of the Broglen's contacts with Illinois.

The Federal Circuit decisions consistently hold that, in an action for declaratory judgement, sending letters warning of patent infringement into a forum, without more activity in the forum, does not satisfy the due process requirements for exercising personal jurisdiction over the patentee. *Genetic,* 123 F.3d at 1458; *Akro,* 45 F.3d at 1547. In similar, past cases, the additional activity which allowed courts to exercise personal jurisdiction over an out-of-state patentee was a licensing agreement, involving the patent at issue, entered into with licensees in the forum state. See *Akro,* 45 F.3d at 1547; *Genetic,* 123 F.3 at 1458; *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1362 (Fed. Cir. 2001)(*Inamed*). It is insignificant that a cease and desist letter may be coupled with an offer to negotiate a licensing agreement. *Red Wing Shoe Co. Inc. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1361 (Fed Cir. 1998)(*Red Wing*). Such an offer is more closely related to a settlement offer than to a regular business negotiation to enter into a contract. *Red Wing,* 148 F.3d at 1361.

Although the existence of a licensing agreement in the forum state may support a finding of personal jurisdiction over the out-of-state patentee, this has not always been the case; and personal jurisdiction has been held invalid even when the defendant has entered into licensing agreements with in-state parties. According to the Federal Circuit in *Red Wing,* "in simple terms, doing business with a company that does business in [the forum state] is not the same as doing business in [the forum state]." *Red Wing,* 148 F.3d 1362. When a valid contract exists between the out-of-state

defendant and a party in the forum state, the defendant must have substantial contact with the in-state party in order for personal jurisdiction to be valid. *Red Wing*, 148 F.3d at 1362.

In contrast to these cases in which the decisions turned on the varying degrees of contact associated with licensing agreements, a sharper line has been drawn between cases which involved valid licensing agreements and cases where negotiations to enter into licensing agreements were unsuccessful. The Federal Circuit in *Akro* stated that, "warning letters and negotiations for a license with an out-of-state patentee cannot, without more, support personal jurisdiction." *Akro*, 45 F.3d at 1548. While the court recognized the validity of this part of the defendant's argument, personal jurisdiction was subsequently established in that case based, in part, on an existing licensing agreement. *Akro*, 45 F.3d at 1548. More recently, in *Hildebrand*, the court acutely focused on the fact that the defendant patentee lacked a binding obligation with a licensee in the forum when holding that the court lacked personal jurisdiction. *Hildebrand*, 279 F.3d 1356.

Here, there are no allegations that Broglen has any offices, employees, agents or representatives in Illinois. Nor are there any allegations that it has assets, bank accounts, real or personal property, or inventory in Illinois. In addition, it does not maintain a mailing address or telephone listing in Illinois. Broglen entered into negotiations for a licensing agreement with S-B Power Tool, which does business in Illinois. The negotiations Broglen entered into were subsequently "cut back" and did not result in a binding licensing agreement. Broglen also sent cease and desist letters coupled with an offer to enter into a licensing agreement to Sears in Illinois. Although RTI characterizes some of these negotiations as "extensive" and "lengthy", there is no evidence, nor is it even alleged, that the negotiations were successful in creating any binding obligations. RTI cites *Inamed* for the proposition that Broglen satisfies the first prong of the due

6

process test (i.e., that Broglen purposefully directed its activity at the forum). Although RTI admits in its brief that *Inamed* involved negotiations which resulted in the consummation of four licensing agreements, it concludes that *Inamed* is analogous to the present case. This conclusion is too tenuous and completely ignores the difference between negotiations which fail and those which produce multiple, substantial contractual obligations.

*Inamed*, cited by RTI, adopts the reasoning of *Akro* (also used in *Hildebrand*) and restates that "warning letters and negotiations for a license with an out-of-state patentee cannot, without more, support personal jurisdiction in an action for a declaratory judgment". *Akro*, 45 F.3d at 1548; cited by *Inamed*, 249 F.3d at 1361. In light of this explicit language, RTI's conclusion does not logically follow from the decision in *Inamed*. The decisions of the Federal Circuit indicate that Broglen has not made sufficient minimum contacts with parties in Illinois in order for personal jurisdiction in this forum to satisfy the requirements of due process. The warning letters sent to Illinois combined only with failed licensing negotiations are not sufficient; and, therefore, this Court does not have personal jurisdiction over Broglen.

The present case is also distinguishable from Federal Circuit decisions upholding personal jurisdiction where such negotiations failed. *See e.g., Dainippon Screen Manufacturing Co. v. CFMT, Inc.*, 142 F.3d 1266 (Fed. Cir. 1998)(*Dainippon*). In *Dainippon*, failed negotiations were considered adequate to support jurisdiction primarily due to the fact that the negotiations were actually made by an in-state subsidiary of the defendant. *Dainippon*, 142 F.3d at 1271. The primary focus of the court was whether a company could insulate itself from personal jurisdiction by use of an out-of-state parent company. *Dainippon*, 142 F.3d at 1271. The fact pattern and issues in

*Dainippon* are markedly different from the present case, and the holding in that case is inapplicable to the case at bar.

Venue in this case is dependent upon whether the Court has personal jurisdiction over Broglen. 28 U.S.C. § 1391(c) (venue is proper wherever the defendant is subject to personal jurisdiction at the time that the action is commenced). Because this Court lacks personal jurisdiction over Broglen, venue under 28 U.S.C. § 1391(c) is improper. Furthermore, because the Court lacks personal jurisdiction over Broglen, the present case cannot be transferred to another venue and, instead, must be dismissed. *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999).

Accordingly, Broglen's Motion to Dismiss, Change or Transfer Venue is granted in part and denied in part. Broglen's motion to dismiss for improper venue is granted. Brogen's motion to transfer for improper venue and alternative motion to transfer for *forum non conveniens* are denied.

Dated: April 23, 2002

JOHN W. DARRAH
United States District Judge